Steven J. Alizio, Esq.
Justin B. Shane, Esq.
The Law Office of Steven Alizio, PLLC
11 Broadway, Suite 568
New York, New York 10004
Telephone: (347) 395-4656
Facsimile: (347) 214-2233
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
N.B., individually and on behalf of her child, K.W.,

                Plaintiff,                                          **COMPLAINT**

        v.

NEW YORK CITY DEPARTMENT OF EDUCATION,

                Defendant.
-------------------------------------------------------------------X

      Plaintiff, N.B., individually and on behalf of her child, K.W., by her attorney, The Law Office of Steven Alizio, PLLC, as and for her Complaint against Defendant, the New York City Department of Education ("Defendant" or "DOE"), alleges and states the following.

      1.      K.W. is the child of Plaintiff, N.B.  K.W. is a student with a disability.  K.W. was at all relevant times a student residing within New York City who is entitled to all rights, entitlements, and procedural safeguards mandated by applicable law and statutes including, but not limited to, the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. §§ 1400, *et seq.*; the federal regulations governing the IDEA; Article 89 of the New York State Education law; and Part 200 of the New York State Education Commissioner's Regulations.

      2.      At all relevant times, Plaintiff and K.W. resided within the County of New York.

      3.      Plaintiff and K.W., though known to Defendant, are not expressly named herein by their given names or specific address because of the privacy guarantees provided in the IDEA

statute, as well as in the Family Education Rights Privacy Act, 20 U.S.C. § 1232(g) and 34 C.F.R. Part 99. Upon the request of this Court, Plaintiff is prepared to disclose Plaintiff's identity *in camera*.

4. Defendant, upon information and belief, is a duly constituted school district organized under the laws of the State of New York, and is the "local educational agency" charged with the obligation to provide K.W. with a free and appropriate public education ("FAPE") under the IDEA.

## NATURE OF THE ACTION

5. This action is filed pursuant to the IDEA, 20 U.S.C. § 1415 and follows a substantive administrative hearing involving the same parties that ultimately resulted in a decision on the merits in Plaintiff's favor.

6. This action is filed to secure statutory attorneys' fees and costs that Plaintiff should be awarded in this fee application action, and in the underlying administrative proceeding, as a "prevailing party" pursuant to the express fee-shifting provisions of the IDEA, 20 U.S.C. § 1415(i)(3).

## JURISDICTION AND VENUE

7. This Court, pursuant to 20 U.S.C. §§ 1415(i)(2) and (3), 34 C.F.R. §§ 300.516 and 300.517, 28 U.S.C. §§ 1331 and 1367, has jurisdiction over this action without regard to the amount in controversy. Venue is proper in that Defendant resides in or is situated within the judicial district.

## FACTUAL BACKGROUND

8. Pursuant to the IDEA statute, as well as the New York State Education Law, all school agencies within the State are required to offer eligible students with disabilities a special

education program and services that are tailored to meet the individual needs of each child with a disability.

9.      On or about May 20, 2024, Plaintiff initiated an administrative due process proceeding, designated case number 273520, against Defendant alleging, *inter alia*, that Defendant denied K.W. a FAPE for the 2022-2023 school year.  As relief, Plaintiff's due process complaint in case number 273520 sought, *inter alia*, a final order requiring the DOE to fund K.W.'s tuition to the Cooke School and Institute ("Cooke") for the 2022-2023 school year.

10.     A hearing on the merits was held concerning the claims in Plaintiff's due process complaint for case number 273520.

11.     On or about August 8, 2024, IHO Ketaki Chakrabarti issued an FOFD that fully resolved the claims in Plaintiff's due process complaint in case number 273520.  As relief, IHO Chakrabarti's August 8, 2024 FOFD ordered the DOE to fund K.W.'s tuition to Cooke for the 2022-2023 school year.

12.     Neither party appealed IHO Chakrabarti's August 8, 2024 FOFD.

13.     As a consequence of the favorable, unappealed, August 8, 2024 administrative decision of IHO Wolman in case number 273520, Plaintiff qualifies as a "prevailing party" within the meaning of the IDEA, 20 U.S.C. § 1415(i)(3).

14.     Under the IDEA fee-shifting provisions, Plaintiff should be awarded reasonable attorneys' fees and other recoverable costs for legal services rendered in connection with case number 273520 and in connection with this fee application.

### FIRST CAUSE OF ACTION

15.     Plaintiff repeats and realleges paragraphs 1 through 14 as if more fully set forth herein.

16. Plaintiff initiated an impartial hearing on behalf of K.W. in case number 273520.

17. Plaintiff prevailed at the impartial hearing in case number 273520 by obtaining a decision and order from the impartial hearing officer ordering the full relief demanded by Plaintiff.

18. Plaintiff, having prevailed in case number 273520, hereby demands reasonable fees and costs pursuant to 20 U.S.C. § 1415(i)(3).

19. Plaintiff has exhausted her administrative remedies, as attorneys' fees and related costs may not be recovered at the administrative level and must be adjudicated and determined by the federal court, absent an agreement by the parties.

**WHEREFORE,** by reason of the foregoing, Plaintiff respectfully requests that this Court:

(1) Declare Plaintiff the prevailing party in case number 273520;

(2) Award to Plaintiff costs, expenses and attorneys' fees for the administrative proceeding designated case number 273520 pursuant to 20 U.S.C. § 1415;

(3) Award Plaintiff the costs, expenses and attorneys' fees of this action pursuant to 20 U.S.C. § 1415;

(4) Order Defendant to satisfy any judgment in this matter within thirty (30) days of the issuance of the final order; and

(5) Grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
January 10, 2025

_____
Steven J. Alizio, Esq.
Justin B. Shane, Esq.
The Law Office of Steven Alizio, PLLC
11 Broadway, Suite 568
New York, New York 10004
Telephone: (347) 395-4656
Facsimile: (347) 214-2233

Attorneys for Plaintiff

5